(C. D. 678)

NATIONAL MERCHANDISE CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided September 2, 1942)

*Lawrence & Tuttle* (*George R. Tuttle* and *Charles F. Lawrence* of counsel) for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Richard H. Welsh*, special attorney), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

EKWALL, Judge: This is an action against the United States in which the plaintiff seeks to recover customs duties which it claims were assessed in excess of the amount due upon an importation of decorated earthenware imported at the port of Los Angeles, Calif. The pleadings allege that an error was made in liquidation of the entry in that there was a mistake made in the number of pieces upon which liquidation was based. We set out the protest as follows:

Hon. Collector of Customs
Port of Los Angeles
California

Attention: Liquidator

Sir:

On Warehouse Entry No. 238, entered September 13, 1938, ex "Yamazuki Maru," for the account of the National Merchandise Company, we entered 35 cases of Decorated Earthenware, cases no. 7044–7078. The number of cases entered should have totaled in the neighborhood of 613 dozen pieces. Upon liquidation, you found 6300 dozen pieces.

The invoice reads on the 45 cases which were split, 10 cases on the consumption entry, and 35 cases on the warehouse entry, 2700 sets each 60 sets, and the 60 sets also divided into 10 sets which totaled 35 pieces. In other words, there were 6 sets of each of these 10 sub-sets. The liquidator apparently took the items and thought there were 60 pieces, 60 sets of each item; whereas it should have been 6 sets of each item. We have checked with the examiner, and he states that it would be almost impossible to have 2100 pieces in a case of 19 cubic feet, weighing only 310 lbs. Also, if there were 2100 pieces, the unit value per case would be in error. Apparently, in calculating the dozen pieces, the decimal point was moved over, and should have probably read 630 dozen instead of 6300 dozen.

We respectfully request correction of this error under section 520–C as amended by the Customs Administrative Act of 1938, section 18, under Tariff Act of 1930.

The same error is in order on Dutiable Entry No. 2000 entered September 13, 1938, by the National Merchandise Co., cases no. 7034–7043.

At the hearing the Government moved to dismiss the protest on the ground that it was untimely. The attorney for the plaintiff admitted that the motion was well taken as to entry No. 2000, which had not been liquidated.

In regard to the remaining entry, W. H. 238, the plaintiff produced the testimony of a clerk in charge of the customhouse business of the importer. He stated that when he attempted to file a warehouse withdrawal said withdrawal was not accepted by the collector; that it was "thrown out" with the notation "See Liquidation." The witness understood this notation to mean that the warehouse withdrawal was not accepted in the manner as prepared by him. He thereupon checked the file in the customhouse in order to find out where the increased duty occurred and talked with Mr. Schoeppe, who we understand, is the liquidator, and in this conversation he called the liquidator's attention to the number of pieces upon which duty had been taken in cases 7044–7078, which number seemed excessive. He further testified that he made a request for a change in this liquidation but the liquidator suggested that as the entry had been liquidated the importer should write a letter giving his reasons for considering the number of pieces upon which duty had been assessed as excessive.

On the merits of the claim the attorneys entered into the following stipulation in open court:

* * * a clerical error occurred in the assessing of duty on the merchandise that has been referred to, contained in cases 7044 to 7078, in that the liquidator did not follow the invoice as it was returned, and as the merchandise was described by the examiner.

It was further agreed that there were in fact 630 dozen pieces contained in cases 7044–7078, covered by entry W. H. 238.

At the conclusion of the hearing the Government renewed its motion to dismiss as to entry W. H. 238 on the ground that the protest is filed against the liquidation and not against the collector's refusal to reliquidate for a clerical error under the provisions of section 514 of the Tariff Act of 1930, and having been filed more than 60 days subsequent to liquidation, is untimely. This entry was liquidated November 5, 1938, and protest filed July 26, 1939.

Plaintiff in its brief states that the "protest is filed under the authority of section 514, Tariff Act of 1930, against the collector's 'refusal to reliquidate any entry for a clerical error discovered within one year after the date of entry, or within sixty days after liquidation or reliquidation when such liquidation or reliquidation is made more

than ten months after the date of entry.' " This statement is not borne out by the allegations in the protest above set forth.

In addition to the protest quoted above we find attached to the papers a form of protest, in the printed portion of which the claim set forth in plaintiff's brief is made. This document bears no official stamp as to the date of filing. Moreover plaintiff's counsel in his brief states that the protest is in the form of a letter, which we interpret to mean that he considers the letter quoted earlier in this opinion to be the protest.

The specific claim is made in the protest for correction of the alleged error in liquidation under section 520 (c) as amended by the Customs Administrative Act of 1938, section 18, (T. D. 49646). That provision of the act is in the following language:

SEC. 520. REFUNDS AND ERRORS.

\* . \* \* \* \* \* \*

(c) Notwithstanding a valid protest was not filed, the Secretary of the Treasury may authorize a collector to reliquidate an entry to correct—

(1) A clerical error in any entry or liquidation discovered within one year after the date of entry, or within sixty days after liquidation when liquidation is made more than ten months after the date of entry; \* \* \*.

By this section authority is given to the Secretary of the Treasury to authorize a collector to reliquidate an entry to correct a clerical error in a liquidation, even though no valid protest has been filed. No authority is given therein to this court to authorize a reliquidation in the absence of a valid protest.

Inasmuch as plaintiff's protest is not directed against the collector's refusal to reliquidate the entry on the ground of clerical error, but is directed against the liquidation of the entry, the requirements of the statute have not been met in that it was filed more than 60 days subsequent to liquidation. (Section 514, Tariff Act of 1930.) It is therefore untimely and we are constrained to dismiss it. In this situation it is unnecessary to discuss other issues raised in the briefs.

Judgment will be rendered dismissing the protest.